FILED

2008 JUL -3 PM 12: 03

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY JACKSON, 02A6522,

    Plaintiff,

    -v-

BRIAN FISCHER, Commissioner, New York
State Department of Correctional Services,

    Defendant.

---

**DECISION AND ORDER**
08-CV-6218CJS(P)

## INTRODUCTION

Plaintiff, Anthony Jackson, an inmate of the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendant, Brian Fischer, the Commissioner of the New York State Department of Correctional Services, violated his rights because he has eczema and the lotion given for his lips makes him violently ill. For the reasons discussed below, plaintiff's request to proceed as a poor person is denied and, unless plaintiff pays the filing fee as directed below, the complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(g).

## DISCUSSION

On April 26, 1996, the United States Congress passed a law entitled the Prison Litigation Reform Act ("PLRA") which amended, among other things, the

provisions of the United States Code which relate to the filing of civil actions or appeals *in forma pauperis*, 28 U.S.C. § 1915.  Section 1915(g) provides that a prisoner cannot bring an action *in forma pauperis* under 1915, "if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted ... unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "The 'imminent danger' exception contained in the final phrase of § 1915(g) was enacted by Congress to create 'a safety valve ... to prevent impending harms....'" *Pettus v. Mangano*, Slip Copy, 2005 WL 1123761 (E.D.N.Y. 2005) (quoting *Malik v. McGinnis,* 293 F.3d 559, 563 (2d Cir.2002)).  Thus, when an inmate has garnered three dismissals pursuant to § 1915(e), the motion for *in forma pauperis* status must be denied unless plaintiff has asserted claims which indicate that he is in imminent danger of serious physical injury.  *See also*, *Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007.

At least four of plaintiff's prior lawsuits have been dismissed pursuant to 28 U.S.C. sec 1915(e).[1]  The Second Circuit has determined that the 'imminent danger' exception § 1915(g) only applies to danger existing at the time the

---

[1] Those prior actions are: *Jackson v. State of New York*, 05-CV-00513-MBM (S.D.N.Y.), *Jackson v. Hellmer*, 05-CV-07705-MBM (S.D.N.Y.), *Jackson v. Morgenthau*, 06-CV-14406-KMW (S.D.N.Y.), and *Jackson v. Goord*, 06-CV-14407-KMW (S.D.N.Y.). See, Bruce Affirmation [#17], Exhibits A-D.

complaint is filed. *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). In the instant case, even construing the *pro se* plaintiff's Complaint liberally, as the Court is required to do, it is clear that plaintiff has not alleged that he is in imminent danger. Plaintiff alleges that the lotion that he uses to relieve the symptoms of eczema, when applied to his lips and swallowed, made him extremely ill. He asserts that, because the ointment is to be used for external use only, it is inappropriate for use on his lips and will subject him to poisoning. These conclusory allegations, however, are insufficient to make out the "imminent danger" exception under 28 U.S.C. § 1915(g). There is no reason for the Court to conclude that plaintiff will swallow the ointment and be poisoned if he uses the ointment properly. Accordingly, the Court concludes that plaintiff has not met the requirement of the imminent danger exception to § 1915(g). Permission to proceed *in forma pauperis* is denied, and Plaintiff is directed to respond to this Order by paying the requisite filing fee by **August 4, 2008**, or this action will be dismissed without prejudice.

## CONCLUSION

Since plaintiff has had three or more actions dismissed on the basis of 28 U.S.C. § 1915(e) and his allegations do not meet the imminent danger exception to the "three strikes" rule of 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis*. Accordingly, the Court denies plaintiff's application to proceed *in forma pauperis* and

grants plaintiff until **August 4, 2008** to pay the court filing fee of $350.00.  In the event that plaintiff does not pay the filing fee by **August 4, 2008**, the action will be dismissed without prejudice.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: July 3, 2008